UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT SUITOR,

Petitioner,

-vs- Case No. 8:09-cv-2555-T-17AEP

SECRETARY, DEPT. OF CORRECTIONS,

Respondent.
_______________________________________/

**ORDER**

This cause is before the Court on Petitioner Scott Suitor's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter "Petition" or "petition") (Doc. 1). Scott challenges his convictions arising out of charges filed in the Thirteenth Judicial Circuit, Hillsborough County, Florida. Respondent filed a response to the petition. (Doc. 6) . Although allowed time to do so, Scott did not file a reply. A review of the record demonstrates that, for the following reasons, the petition must be denied.

## PROCEDURAL HISTORY

In case number 02-CF-010731, the State of Florida charged Scott with lewd or lascivious conduct (count1), sexual battery (familial authority - victim under 18, older than 12) (count 2) and lewd or lascivious molestation (count 3). (Exh 1). On January 22, 2004, Scott entered guilty pleas to the charges (Exh 2, 3 - transcript of hearing). Scott was represented by Assistant Public Defender Eldon Gissendanner. At the March 29, 2004, sentencing hearing, the trial court imposed downward departure sentences of ten years incarceration on counts 1 and 3, concurrent, and two (2) years community control followed by thirteen years probation on count 2, consecutive to counts 1 and 3. (Exh. 4 - transcript of hearing; composite Exh 5 - judgment and sentence, scoresheet).[1]

Scott did not file a direct appeal. Scott filed a Rule 3.850 motion for postconviction relief in the trial court on September 21, 2005. (Exh 7). Scott raised the following ground:

> Ineffectiveness of counsel . Defendant's plea was based on misadvise of counsel and was involuntarily rendered because of defense counsel's failure to 1) investigate and consider the effects of medication as a defense to the charges; 2) research and understand the side effects of the antipsychotic medication Prochlorperazinc along with Neurontin and Tramadol, and; 3) introduce them to show they significantly impaired judgment, and resulted in having less resistance to impulsive actions that would normally be avoided if these drugs were not being used. Defendant was under the influence of the medication Prochlorperazinc along with Neurontin and Tramadol during the offense and change of plea. The defense attorney was at all times aware that defendant was continuously taking these medicines from prior to the offenses charged, at the time of the offenses charged and at the time the defendant entered his plea.

---

[1] On July 28, 2005, per Scott's first motion to correct sentencing error, the court directed the clerk to prepare an amended sentence to show Scott was entitled to fifteen days jail credit. The trial court ordered the clerk to prepare an amended sentence reflecting its oral pronouncement that Scott was to receive two years community control followed by thirteen years probation on count two. The original sentence incorrectly indicated Scott was to receive fifteen years probation. (Composite Exh 6 - amended sentence, motion for relief, and November 2005 order).

The court ordered the State to respond (Exh 8), which it did on January 19, 2006, and stated that an evidentiary hearing was necessary on part of the ground. (Exh 9). The trial court held an evidentiary hearing on October 24, 2006, at which Scott, his medical expert, and trial counsel, testified. (Exh 10). Scott was represented by counsel.

The trial court denied the motion on May 22, 2007. (Exh 11). Scott, pro se, appealed in the Second District Court of Appeal on June 8, 2007, and was assigned case number 2D07-2752. (Exh 12). Scott raised several issues not presented in his 3.850 motion, thus unpreserved, but basically argued trial counsel was ineffective for failing to investigate whether side effects from Scott's medications could have affected his criminal behavior and, disagreed with the trial court's factual findings. (Composite Exh 13). The State filed an answer brief (Exh 14). The Second District Court of Appeal per curium affirmed the trial court's order on March 19, 2008 (Exh 15). Mandate issued April 9, 2008 (Exh 16).

On April 23, 2008, Scott filed a motion pursuant to Fla. R. Crim. P. 3.800(a), alleging the following two grounds:

> Scoresheet error where victim injury points and an additional offense are erroneously scored twice for same act on same victim; and
>
> Double Jeopardy.

(Exh 17)

The court summarily denied the motion in a written order dated August 14, 2008 (Exh 18). Scott timely appealed the order but did not file any briefs. The State did not file an answer brief. The Second District Court of Appeal entered its per curium affirmance on October 23, 2009. (Exh 19). The mandate issued November 17, 2009. (Exh 20). I

Scott signed the present petition on December 15, 2009 (Doc. 1) raising two grounds

for relief.

## STANDARDS OF REVIEW

### AEDPA STANDARD

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be “contrary to” clearly established precedent of the Supreme Court of the United States or involve an “unreasonable application” of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was “objectively unreasonable.” Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

Ground One

Scott asserts trial counsel was ineffective for failing to investigate and explore an intoxication defense when counsel was aware of the numerous medications Scott was taking, or inform the court of the medications which rendered his guilty pleas involuntarily and unintelligently entered.

This particular allegation is specifically refuted by the transcript of the plea hearing held January 22, 2004 (Exh 3). During the court's questioning of Scott as to whether he was knowingly and voluntarily entering guilty pleas to the charges, attorney Gissendanner informed the judge of Scott's medications and his medical condition which were listed on the plea. The court noted the various medications and there was a discussion at the bench. Scott specifically told the judge that the medications did not affect his ability to understand where he was and what he was doing in court that day (Exh 3; pp. 86-87).

Nevertheless, the state court held an evidentiary hearing on this issue where Scott's trial counsel, Scott, and medical expert Dr. Balo Rao, all testified (Exh. 10). Scott was represented by new counsel, Daniel Hernandez, at the evidentiary hearing.

At the hearing, former trial counsel, Assistant Public Defender, Elton J. Gissendanner, testified that during his representation of Scott, Scott told him about the medications he was taking and did not indicate the medications affected him mentally in any way. Gissendanner had noted the file with what effects the drugs had because they were considering possible defenses and whether there was any diminished capacity. Gissendanner recalled that Scott or Scott's father had said that the drugs never made Scott do anything he did not want to do. Gissendanner testified that during all of their

discussions, Scott appeared lucid to him and understood the conversations about possible defenses. Gissendanner had his investigator, Rosalie Boland, research the drugs Scott was taking.

Gissendanner further testified that he considered many things in his strategy such as whether they would be able to convince a jury that the medications made Scott French-kiss his 14-year-old biological son who was visiting him for the summer, or stick his tongue in the boy's ear, and whether that would be something you could sell to a jury. Further, given the drug research results, it was not a logical conclusion because they could not determine whether any of the medications had affected Scott that way.

Gissendanner testified that he also considered the risks of going to trial and losing and possibly facing a maximum sentence in addition to the fact they were appearing before Judge Fuente who would consider "a good mitigation and good sentencing case." Gissendanner further said they were all in agreement with the strategy not to go to trial and not to put Scott's son on the stand, which Scott told Gissendanner he did not want to do. Gissendanner also said there were eyewitnesses to the crimes which took place at Busch Gardens, and damaging statements, so all in all, they all believed the best strategy was a mitigation case (Exh 10, R. 165). Gissendanner testified he had those discussions with Scott many times (Exh 10, R 159-168).

Based on that testimony and the testimony of Scott and his medical expert, the state court entered the following order denying the claims of ineffective assistance of counsel:

> THIS MATTER is before the Court on Defendant's Motion for Postconviction Relief, filed on September 21, 2005, pursuant to Florida Rule of Criminal Procedure 3.850. On October 24, 2006, the Court held an evidentiary hearing. After reviewing the Motion, file, record, and transcript from the evidentiary hearing, the Court finds as follows:

On March 29, 2007, this Court entered an Order Granting Motion to Withdraw Defendant's Motion for Postconviction Relief. (See Order, attached). However, the Court notes that it inadvertently entered the Order as the Defendant is still represented by counsel. If a defendant files a pro-se motion or petition while represented by counsel, the Court may treat defendant's motion as a nullity, unless defendant makes an unequivocal statement to discharge counsel. *See Logan v. State*, 846 So. 2d 472 (Fla. 2003). A defendant is not entitled to concurrent representation by himself and separate counsel. *See Lewis v. State*, 766 So. 2d 288 (Fla. 4th DCA 2000). Therefore, the Court hereby vacates its March 29, 2007, Order Granting Motion to Withdraw Defendant's Motion for Postconviction Relief. As such, the Court will now rule on Defendant's pending 3.850 Motion.

In his Motion, Defendant alleges ineffective assistance of counsel. A defendant must satisfy two prongs to establish an ineffective assistance of counsel claim under *Strickland. Stephens v. State*, 748 So. 2d 1028, 1033 (Fla. 1999). First, a defendant has to show that counsel's performance was deficient, which requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, a defendant has to show that counsel's deficient performance prejudiced the defense, which requires showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. "There is a strong presumption that trial counsel's performance was not ineffective." *Davis v. State*, 915 So. 2d 95, 111 (Fla. 2005) (citing *Strickland*, 466 U.S. at 690). In claims of ineffective assistance of counsel, "the defendant bears the burden of proving that the representation was unreasonable under the prevailing professional norms and that the challenged action was not strong strategy." *Johnson v. State*, 769 So. 2d 990, 1000 (Fla. 2000). "Counsel's strategic decisions will not be second-guessed on collateral attack," and, where counsel makes an informed, tactical decision, the court will find that such a strategy is reasonable and does not constitute deficient performance. *Id*. at 1001.

In his Motion, Defendant alleges he was under the influence of several medications at the time of his charged offenses and at the time he entered his plea. He asserts his plea was based on the misadvice of counsel and was involuntarily entered because counsel failed to investigate and consider the effects of the medications as a defense to the charges. Defendant contends counsel should have introduced information regarding these medications to show they significantly impair judgment and cause him to have less resistance to impulsive actions.

At the evidentiary hearing, counsel testified that the Defendant appeared lucid during their conversations before and during the plea

colloquy. (See Transcript, pp. 20- 21, 24, attached). Counsel testified that his notes reflect that the Defendant stated that the drugs "never made him do anything he didn't want to do." (See Transcript, p. 20, attached). Furthermore, counsel testified that strategically it was better to enter a plea than to go to trial because a defense of diminished capacity would have been difficult to "sell" to the jury. (See Transcript, pp. 22-23, attached).

Counsel stated as follows during the evidentiary hearing:

> (Counsel): Even if you could bring in a doctor, you could say that there were some - - possibly some effect. But based on the research, that wasn't a logical conclusion because we couldn't determine that any of these medications affected him that way. But even if they had - - and we discussed this - - even if we could find some doctor - - and, of course, you can always find a doctor to say what you want to say, unfortunately - - to try and sell that to a jury is a hard sell, as any sort of intoxication-type or diminished capacity offered as defense. (See Transcript, p. 23, attached). Moreover, counsel testified that it was better to take a plea than risk losing at trial and possibly face the maximum sentence. (See Transcript, p. 23, attached). Counsel testified that "that's what we tried to do and [Defendant and his father] were in consensus with our strategy to not go to trial...." (See Transcript, p, 23, attached).

Based upon this testimony presented at the evidentiary hearing, the Court finds the testimony presented by counsel to be highly credible. *Smith v. State*, 697 So. 2d 991, 992 (Fla. 4th DCA 1997) (stating that following an evidentiary hearing the finder of fact can rely upon testimony it finds to be credible). Furthermore, "counsel's strategic decisions will not be second-guessed on collateral attack." *Johnson v. State*, 769 So. 2d 990, 1001 (Fla. 2000). Moreover, "[s]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). The Court finds that the testimony at the evidentiary hearing reflects that counsel made a strategic decision not to go to trial and have the Defendant face the possible maximum sentence. Furthermore, counsel testified that the Defendant appeared lucid during conversations before and during the plea colloquy. Therefore, the Defendant has failed to show that counsel's performance was deficient or that he was prejudiced. As such, the Defendant is not entitled to relief on his Motion for Postconviction Relief.

(Exh 11, R 171-206)

The state appellate court affirmed the denial of the rule 3.850 motion (Exh. 15). The state appellate court's per curium affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.). *reh'g and reh'g en banc denied*, 278 F. 3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).

As noted above, this Court must defer to the factual findings in the state court's rejection of Scott's postconviction claims. The state court found the testimony of Scott's trial counsel to be highly credible.

The state court also recognized that strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct, citing *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000). Given Mr. Gissendanner's testimony at the evidentiary hearing, it is clear he considered alternative courses before deciding, with Scott's consent, that mitigation was the best strategy instead of pursuing an intoxication defense and going to trial, especially in light of Scott's specific desire not to put his son through the trauma of a trial.

Strickland cautions that "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690-91. The *Strickland* test requires a court to determine whether counsel's strategic decision was "reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). Similarly, deciding the reasonableness of counsel's actions is not viewed through the lens of twenty-twenty hindsight. *Strickland,* 466 U.S. at 690. In a federal habeas corpus proceeding, this Court's

duty, is to "to determine whether the state habeas court was objectively reasonable in its Strickland inquiry," not to independently determine the reasonableness of counsel's actions. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002).

Scott concurred with trial counsel's determination that a mitigation strategy was the best way to proceed. Based on his personal observations, trial counsel saw no basis for pursuing a diminished capacity/intoxication defense premised on purported adverse effects from Scott's medications. Consequently, the state postconviction court's decision in denying relief was a reasonable application of *Strickland*.

Ground one does not warrant habeas relief.

Ground Two

Scott alleges his sentence violated the 6th and 14th Amendments to the United States Constitution, double jeopardy, and *Apprendi v. New Jersey*,[2] because: 1) the inclusion of 160 victim injury points on the scoresheet was error as the acts charged in counts 2 and 3 occurred on the same victim at the same time and the information charged an unspecific time; and 2) during the plea hearing Scott admitted to union with, but not penetration and, no jury found penetration so as to increase the level of the felony from third to second or second to first in count 2.

Scott incorrectly contends in his petition that he raised this issue in the appeal from the judgment and conviction. There was no direct appeal in this case. Scott pled guilty to the charges. In his Rule 3.800(a) motion, Scott, who appeared pro se, did not base his

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

claims on federal constitutional grounds. He argued, "a scoresheet error where the victim injury points and an additional offense are erroneously scored twice for same act on same victim," making his sentence illegal, and double jeopardy claiming there was no proof of penetration and no proof of separate acts in counts 2 and 3 to support dual punishments (Exh. 17).

In the state court's order denying relief on the rule 3.800(a) motion, the court found and ruled:

> This matter is before the court on defendant's untitled motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a) on 23 April 2008. The Court, after considering the motion, court file, and record, finds as follows:
>
> In his motion, Defendant pled guilty to lewd or lascivious conduct (touch) (count one), sexual battery (familial authority --. victim under 18 --. older than 12) (count two), and lewd or lascivious molestation (count three). (See judgment and sentence, attached). The Court sentenced Defendant to ten (10) years Florida state prison on each of counts one and three and ordered the sentences on these counts to be served concurrently with one another. (See judgment and sentence, attached.) The Court sentenced Defendant to two (2) years community control, followed by thirteen (13) years sex offender probation on count two and ordered this sentence to be served consecutively with counts one and three. (See amended judgment and sentence, attached.)
>
> A criminal punishment code scoresheet was calculated in this case. (See scoresheet, attached.) The lowest permissible prison sentence recommended by the code in this case is 16.8 years Florida state prison. Thus the Court imposed downward-departing sentences.
>
> Defendant argued that the scoresheet used to calculate his recommended minimum sentence was incorrect. He argued that the two lewd and lascivious convictions violate double jeopardy since they involved the same victim and occurred during the same time period. Defendant also argued that the victim injury points were incorrect. He argued that his scoresheet should not have included points for both penetration and contact since the information charged him in count two with committing sexual battery in which his son's penis had penetration or union with Defendant's mouth.

> A sentence imposed pursuant to an incorrectly calculated scoresheet can be illegal for the purpose of rule 3.800(a). *See e.g. Walker v. State*, 940 So. 2d 1215, 1216-17 (Fla. 2d DCA 2006). The error must be apparent from the face of the record. *See McCullough v. State*, 777 So. 2d 1091, 1092 (Fla. 2d DCA). However the scoresheet error must not have been harmless in order to warrant relief. If "the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless." *See Brooks v. State*, 969 So. 2d 238, 243 (Fla. 2007). Finally, the plea did not require a sentence of a specific term of years but allowed the Court some discretion in its choice of sentences. *See Romero v. State*, 805 So. 2d 92 (Fla. 2d DCA 2002).
>
> Defendant argued that a correctly calculated scoresheet would have yielded a recommended sentence of 10.1 years Florida state prison. The ten-year sentences on count one and three could have been imposed under the allegedly corrected scoresheet. Likewise, since the criminal punishment code permits sentences to exceed the recommended sentence, the Court could have imposed seventeen years of supervision on count two. The error, then, if any exists, is harmless.
>
> The Court notes that the record does not disclose any indicia that Defendant's theory is correct regarding his scoresheet calculation. He received victim injury points once for penetration and twice for contact. The factual basis included support for victim injury points once for penetration and twice for contact.
>
> The Court also notes that an attack on one's convictions on double jeopardy grounds is not a claim cognizable in a rule 3.800(a) motion. *See Coughlin v. State*, 932 So. 2d 1224, 1225 (Fla. 2d DCA 2006). As such, to the extent that Defendant might have alleged a double jeopardy claim in his motion attacking his convictions, it is denied. It is therefore ORDERED AND ADJUDGED that Defendant's motion is hereby DENIED. Defendant has thirty days from the date of this order within which to appeal. DONE AND ORDERED in chambers in Hillsborough County, Florida, this 14 day of August, 2008.

(Exh 18).

Ground Two is not cognizable in this 28 U.S.C. § 2254 proceeding because Scott's rule 3.800(a) motion presented the claims based on state law. Claims which do not raise a federal question are not subject to review because this Court may not inquire into the validity of the trial court's application of its state law. *Carrizales v. Wainwright*, 699 F.2d

1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000), *cert. denied*, 531 U.S. 1170 (2001). *See also* Brannan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988). This is particularly true in the sentencing realm. As reaffirmed by the Eleventh Circuit,

> [i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. Brannon v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988)(citing cases omitted).

Scott failed to present his claims in terms of federal law in the state court and thus failed to present the same claims to the state court that he now requests the federal court to consider. This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. *Rhines v. Weber*, 544 U.S. 269, 274, (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Ground two is unexhausted. *See e.g., Robbins v. Sapp,* 2008 WL 4371361, at *4 (M.D.Fla., Sept. 22, 2008)(not reported in F.Supp.2d).

Scott additionally failed to exhaust ground two because he failed to file any briefs in his appeal of the order denying relief, thus violating state procedural rules. *See McMahon v. State*, 567 so. 2d 988 (Fla. 1st DCA 1990)(Defendant's postconviction motion to correct sentence allegedly illegal as result of exceeding sentence offered during plea negotiations did not come within scope of rule allowing review on limited record without filing brief. Fla.R.App.P. 9.140(g)).

Ground two is also procedurally defaulted. "[A] claim is procedurally defaulted if it

has not been exhausted in state court and would now be barred under state procedural rules." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). A procedural default may also result from non-compliance with state procedural requirements. *See Coleman v. Thompson,* 501 U.S. 722, 729-30, *reh'g denied*, 501 U.S. 1277 (1991).

As to the merits, the trial court imposed a downward departure sentence after Scott entered open guilty pleas to the charges. Any error in the scoresheet was harmless in this case, as the state court concluded in denying 3.800(a) relief. Regarding double jeopardy, the state court correctly noted an attack on one's conviction on double jeopardy grounds is not cognizable in a 3.800(a) motion. *See Coughlin v. State*, 932 So. 2d 1224, 1225 (Fla. 2d DCA 2006). Moreover, at the plea hearing Scott did not object when the State detailed the factual basis. While all of Scott's criminal conduct involved his son, the conduct involved different sexual acts, which included penetration, on different days. There was no double jeopardy violation (Exh 3, R 87-89).

Ground two does not warrant habeas relief.

Accordingly, the Court orders:

That Scott's petition is denied. The Clerk is directed to enter judgment against Scott and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a certificate of appealability (COA). *Id.* “A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right.” *Id.* at § 2253(c)(2). To make such a showing, petitioner “must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,” *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that “the issues presented were ‘adequate to deserve encouragement to proceed further.’ " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 31, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Scott Suitor